**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

MELODY GAY BOWLES,

Chapter 13
Case No.: 6:20-bk-06995-KSJ

    Debtor.
_____/

**FIRST AMENDED CHAPTER 13 PLAN**

**A.    NOTICES.**

**Debtor[1] must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.**

| | Included | Not Included |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation which may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | ☐ | ☒ |
| Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | ☐ | ☒ |
| Nonstandard provisions, set out in Section E. | ☐ | ☒ |
| THIS AMENDED PLAN PROVIDES FOR PAYMENTS TO CREDITOR/LESSOR [NAME OF SECURED CREDITOR/LESSOR] TO BE INCLUDED IN PLAN PAYMENTS; THE AUTOMATIC STAY IS REINSTATED AS TO THIS CREDITOR. | ☐ | ☒ |

**NOTICE TO DEBTOR: IF YOU ELECT TO MAKE DIRECT PAYMENTS TO A SECURED CREDITOR UNDER SECTION C.5(i) OF THIS PLAN, TO SURRENDER THE SECURED CREDITOR'S COLLATERAL UNDER SECTION C.5(j), TO NOT MAKE PAYMENTS TO THE SECURED CREDITOR UNDER SECTION C.5(k), OR IF PAYMENTS TO A SECURED CREDITOR ARE NOT SPECIFICALLY INCLUDED IN THE PLAN PAYMENTS, THE AUTOMATIC STAY DOES NOT APPLY, AND THE CREDITOR MAY TAKE ACTION TO FORECLOSE OR REPOSSESS THE COLLATERAL.**

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

Effective August 1, 2020.

**SECURED CREDITORS INCLUDE THE HOLDERS OF MORTGAGE LOANS, CAR LOANS, AND OTHER LOANS FOR WHICH THE SECURED CREDITOR HAS A SECURITY INTEREST IN PERSONAL OR REAL PROPERTY COLLATERAL.**

**B.    MONTHLY PLAN PAYMENTS.** Plan payments ("Plan Payments") include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make Plan Payments to the Trustee for the period of **thirty-six (36)** months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors.

$ _1,215.59_ from month _1_____ through _36_____.
$_____ from month _____ through _____.
$_____ from month _____ through _____.

**C.    PROPOSED DISTRIBUTIONS.**

  **1.    ADMINISTRATIVE ATTORNEY'S FEES.**

  Base Fee **$4,500.00** Total Paid Prepetition **$4,500.00** Balance Due **$0.00**

  MMM Fee $ _2500.00_ Total Paid Prepetition $__2500.00___ Balance Due $_0.00_

  Estimated Monitoring Fee at $ **0.00** per Month.

  Attorney's Fees Payable Through Plan at **$0.00** Monthly (subject to adjustment).

  **2.    DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. §101(14A)).**

| Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
| N/A | | |
| | | |

  **3.    PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last Four Digits of Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
| N/A | | |
| | | |

  **4.    TRUSTEE FEES.** From each Plan Payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

**5.     SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim, or Debtor or Trustee has filed a proof of claim for the secured creditor under 11 U.S.C. § 501(c), and no objection to the claim is pending. If Debtor's Plan Payments are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

**(a) Claims Secured by Debtor's Principal Residence that Debtor Intends to Retain - Mortgage, HOA and Condominium Association Assessments, and Arrears, if any, Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).** Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by Debtor's principal residence. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.

Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. Postpetition ongoing homeowner's association and condominium association assessments may be included in the Plan or may be paid direct. If Debtor intends to pay postpetition assessments through the Plan, list the Regular Monthly Payment. If Debtor intends to pay postpetition assessments direct, state "Direct" in the Regular Monthly Payment column.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**(b) Claims Secured by Other Real Property that Debtor Intends to Retain - Mortgage, HOA and Condominium Association Assessments, and Arrears, if any, Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).** Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by Debtor's real property. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.

Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. Postpetition ongoing homeowner's association and condominium association assessments may be included in the Plan or may be paid direct. If Debtor intends to pay postpetition assessments through the Plan, list the Regular Monthly Payment. If Debtor intends to pay postpetition assessments direct, state "Direct" in the Regular Monthly Payment column.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**(c) Claims Secured by Real Property - Debtor Seeks Mortgage Modification Mediation (MMM). No later than 90 days from the petition date or the date the case converts to Chapter 13, Debtor shall file a motion seeking MMM. Information and forms related to MMM are available in the Court's procedure manual on the Court's website, www.flmb.uscourts.gov.** Pending the resolution of the MMM, the Plan Payments shall include the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowner's association fees), or the normal monthly contractual mortgage payment; or (2) for *non-homestead*, income-producing property, 75% of the gross rental income generated from the property. If Debtor obtains a modification of the mortgage, the modified payments shall be included in the Plan Payments. Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Adequate Protection Payment |
|---|---|---|---|
| 7696 | Deutsche Nat'l Trust Co. as Trustee, et al. (New Rez/PHH Mortgage) | 117 W. Castle Street Orlando, FL 32809 | 500.39 |
| 2244 | ARCPE 1 LLC (Specialized Loan Servicing) | 117 W. Castle Street Orlando, FL 32809 | 193.31 |

**(d) Claims Secured by Real Property or Personal Property to Which 11 U.S.C. § 506 Valuation APPLIES (Strip Down).** Under 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. **A separate motion to determine secured status or to value the collateral must be filed.** Payment on the secured portion of the claim, estimated below, is included in the Plan Payments. Unless otherwise stated in Section E, the Plan Payments do not include payments for escrowed property taxes or insurance.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Value | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

**(e) Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.** Debtor must file a separate motion under 11 U.S.C. § 522 to avoid a judicial lien or a nonpossessory, nonpurchase money security interest because it impairs an exemption or under 11 U.S.C. § 506 to determine secured status and to strip a lien.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
|---|---|---|
|  |  |  |
|  |  |  |

**(f) Payments on Claims Secured by Real Property and/or Personal Property to Which 11 U.S.C. § 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for Debtor's personal use; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**(g) Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan Under 11 U.S.C. § 1322(b)(2).** The following secured claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**(h) Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearages, if any, Under 11 U.S.C. § 1322(b)(5).** Under 11 U.S.C. § 1328(a)(1), unless the principal amount of the claim is paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral Description | Regular Contractual Payment | Arrearage |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**(i) Secured Claims Paid Directly by Debtor.** The following secured claims are being made via automatic debit/draft from Debtor's depository account and will continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these secured claims are not provided for under the Plan, under 11 U.S.C § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Property/Collateral |
|---|---|---|
|  |  |  |
|  |  |  |

**(j) Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/Address |
|---|---|---|
|  |  |  |
|  |  |  |

**(k) Secured Claims that Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay under 11 U.S.C. §§ 362(a) and

1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated. Because these secured claims are not provided for under the Plan, under 11 U.S.C § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| **Last Four Digits of Acct. No.** | **Creditor** | **Collateral Description/Address** |
|---|---|---|
|  |  |  |
|  |  |  |

**6.     LEASES/EXECUTORY CONTRACTS.** As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation of the Plan, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim, or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under 11 U.S.C. § 501(c), and no objection to the claim is pending. If Plan Payments are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

**(a) Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan Under 11 U.S.C. § 1325(b)(5).** Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows. Under 11 U.S.C. § 1328(a)(1), if the claim of the lessor/creditor is not paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims.

| **Last Four Digits of Acct. No.** | **Creditor/Lessor** | **Description of Leased Property** | **Regular Contractual Payment** | **Arrearage and Proposed Cure** |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**(b) Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by Debtor.** Debtor assumes the following lease/executory contract claims that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these leases/executory contracts are not provided for under the Plan, under 11 U.S.C § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| **Last Four Digits of Acct. No.** | **Creditor/Lessor** | **Property/Collateral** |
|---|---|---|
|  |  |  |

7

|  |  |  |
|---|---|---|

**(c) Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral to be Surrendered |
|---|---|---|
|  |  |  |
|  |  |  |

7.   **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above-referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $9,424.50.

D.   **GENERAL PLAN PROVISIONS:**

1. Secured creditors, whether or not provided for under the Plan, shall retain the liens securing such claims.

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by order of the Court.

3. If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate

    (a) __☐____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

    (b) __☒____ shall vest in Debtor upon confirmation of the Plan.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5. Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6. Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide the Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered, consented to by the Trustee, or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to the Plan Payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall not spend any tax refund without first having obtained the Trustee's consent or Court approval.**

E. **NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).** Note: Any nonstandard provisions of this Plan other than those set out in this Section are deemed void and are stricken.

_____
_____
_____

## CERTIFICATION

**By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.**

SIGNATURE(S):

Debtor:

/s/ Melody Gay Bowles          Date: 1/28/2021
Melody Gay Bowles, Debtor

Attorney for Debtor:

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 29, 2021, a true and correct copy of the foregoing has been served via by CM/ECF electronic notices and/or by U.S. Mail, first class postage prepaid to Laurie K Weatherford, Trustee, Post Office Box 3450, Winter Park, FL 32790; the U.S. Trustee,

<000000>

Office of the U.S. Trustee, 400 West Washington Street, Suite 1100, Orlando, FL 32801; all parties receiving CM/ECF notices; and on all parties on the attached mailing matrix.

                                    MELISSA A. YOUNGMAN, P.A.

                        By: /s/ Melissa A. Youngman
                            1705 Edgewater Drive
                            PO Box 541507
                            Orlando, FL 32854
                            (407) 374-1372 (telephone)
                            melissayoungman@melissayoungman.com
                            *Attorney to Melody Gay Bowles, Debtor*

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:20-bk-05046-LVV<br>Middle District of Florida<br>Orlando<br>Fri Jan 29 13:09:44 EST 2021 | American Forklift Rental & Supply, LLC<br>5387 LB McLeod Road<br>Orlando, FL 32811-2952 | Ameris Bank<br>c/o Jason A. Rosenthal<br>The Rosenthal Law Firm<br>4767 New Broad Street<br>Orlando, FL 32814-6405 |
| CIT Bank, N.A.<br>Bradley Arant Boult Cummings LLP<br>c/o Edwin G. Rice<br>100 N. Tampa Street<br>Suite 2200<br>Tampa, FL 33602-5809 | Florida Dept of Revenue<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Ford Motor Credit Company LLC<br>c/o Roger A. Kelly, Esq.<br>PO Box 3146<br>Orlando, FL 32802-3146 |
| IRS<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Seacoast Bank f/k/a Seacoast National Bank<br>c/o Fender, Bolling and Paiva, P.A.<br>Chad S. Paiva<br>6526 S. Kanner Highway, #376<br>Stuart, FL 34997-6396 | 1st Global Capital LLC<br>1250 East Hallandale Beach Blvd.<br>Hallandale, FL 33009-4634 |
| 1st Global Capital LLC<br>1250 East Hallandale Beach Blvd.<br>Ste. 903<br>Hallandale Beach, FL 33009-4643 | ABC Merchant Solutions LLC<br>30 Broad St.<br>14th Floor, Ste. 14108<br>New York, NY 10004-2304 | ABC Merchant Solutions, LLC<br>30 Broad Street<br>14 th Floor, Ste. 14108<br>New York, NJ 10004-2304 |
| ACAR Leasing LTD d/b/a GM Financial Leasing<br>P.O. Box 183853<br>Arlington, TX 76096-3853 | All Lift of Georgia, Inc.<br>175 Carnes Dr<br>Fayetteville, GA 30214-3993 | American Rental Association<br>1900 19th St.<br>Moline, IL 61265-4198 |
| Ameris Bank<br>c/o Jason A. Rosenthal<br>4767 New Broad Street<br>Orlando, FL 32814-6405 | Ameris Bank<br>c/o Jason A. Rosenthal<br>The Rosenthal Law Firm, P.A.<br>4767 New Broad Street<br>Orlando, FL 32814-6405 | Aramark<br>5880 Nolensville Pike<br>Nashville, TN 37211-6502 |
| BB&T Now Truist<br>PO Box 1847<br>Wilson, NC 27894-1847 | BOK Financial<br>5956 Sherry Lane<br>Ste. 600<br>Dallas, TX 75225-8017 | (p)BB AND T<br>PO BOX 1847<br>WILSON NC 27894-1847 |
| Branch Banking and Trust Company<br>c/o CT Corporation System<br>1200 South Pine Island Rd.<br>Fort Lauderdale, FL 33324-4413 | Brent McKenzie/Trillions Consortium Global G<br>2655 Le Jeune Rd.<br>Ste. 403<br>Miami, FL 33134-5832 | BuyerZone.Com<br>225 Wyman Street<br>Waltham, MA 02451-1209 |
| CAN Capital Asset Servicing, Inc. (CCAS)<br>155 North 400 West<br>Ste. 315<br>Salt Lake City, UT 84103-1111 | CAN Capital Asset Servicing, Inc. (CCAS) c/o<br>PO Box 2576<br>Springfield, IL 62708-2576 | CIT Bank<br>10201 Centurion Parkway North<br>Ste. 100<br>Jacksonville, FL 32256-4114 |
| CIT Bank NA<br>c/o Bankruptcy Processing Solutions, Inc<br>PO Box 593007<br>San Antonio, TX 78259-0200 | CIT Bank, N.A.<br>c/o Edwin G. Rice<br>Bradley Arant Boult Cummings, LLP<br>100 North Tampa Street, Suite 2200<br>Tampa, FL 33602-5809 | CIT Bank, NA<br>10201 Centurion Parkway North<br>Ste. 100<br>Jacksonville, FL 32256-4114 |

| | | |
|---|---|---|
| Carolina Handling, LLC<br>3101 Piper Ln.<br>Charlotte, NC 28208-6499 | Central Florida Cable Communications, Inc.<br>2235 Mercator Drive<br>Orlando, FL 32807-5309 | Central Florida Cable Communications, Inc.<br>c/o Baker & Hostetler<br>200 S. Orange Ave., Ste. 2300<br>Orlando, FL 32801-3455 |
| Cintas Corporation  (G&K Services)<br>7320 Kingspointe Pkwy, Suite 550<br>Orlando, FL 32819-6549 | Comcast Business<br>1701 JFK Boulevard.<br>Philadelphia, PA 19103-2838 | Corporate Debt Advisors<br>3333 S Congress Ave<br>Delray Beach, FL 33445-7346 |
| (p)ENVERTO INVESTMENT GROUP LLC<br>ATTN BANKRUPTCY DEPT<br>4250 N DRINKWATER BLVD SUITE 220<br>SCOTTSDALE AZ 85251-3985 | Ekko Material Handling Equipment<br>1761 W. Holt Ave.<br>Pomona, CA 91768-3315 | Enverto c/o Currency Capital LLC<br>12100 WILSHIRE BLVD. STE 1750<br>Los Angeles, CA 90025-7101 |
| Fastenal<br>2001 Theurer Blvd<br>Winona, MN 55987-9902 | Fidelity Bank<br>1122 Pace St.<br>1st Floor<br>Covington, GA 30014-2343 | Fidelity Bank<br>1122 Pace St.<br>1st Floor, Ste. 100<br>Covington, GA 30014-2343 |
| Fifth Third Bank<br>1830 E Paris Ave SE<br>MD RSCB3E- RC<br>Grand Rapids, MI 49546-6253 | Fifth Third Bank c/o Corporation Service Com<br>1201 Hays Street<br>Tallahassee, FL 32301-2699 | Fifth Third Bank, N.A.<br>PO Box 9013<br>Addison, Texas 75001-9013 |
| Fire Tech Extinguisher Service & Safety Equi<br>10627 5th Ave.<br>Ocoee, FL 34761-3916 | Florida Department of Revenue<br>Bankruptcy Unit<br>PO Box 6668<br>Tallahasee, FL 32314-6668 | Florida Department of Revenue<br>Bankruptcy Unit<br>Post Office Box 6668<br>Tallahassee FL 32314-6668 |
| Florida Lift Gas<br>P.O. BOX 89951<br>Tampa, FL 33689-0416 | Ford Motor Credit<br>P.O. BOX 105704<br>Atlanta, GA 30348-5704 | (p)FORD MOTOR CREDIT COMPANY<br>P O BOX 62180<br>COLORADO SPRINGS CO 80962-2180 |
| GM Financial<br>P.O. BOX 100<br>Buffalo, NY 14231-0100 | GM Financial Leasing<br>PO Box 100<br>Buffalo, NY 14231-0100 | GM Financial Leasing<br>PO Box 100<br>Williamsville, NY 14231-0100 |
| Green Power Batteries, LLC<br>PO Box 2623<br>San Marcos, CA 92079-2623 | Green Power Batteries, LLC<br>c/o The Law Offices of Sean Jones<br>750 B. Street, Ste. 1950<br>San Diego, CA 92101-8107 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Interstate Batteries of Lakeland<br>PO Box 2673<br>Eaton Park, FL 33840-2673 | JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o National Bankruptcy Services, LLC<br>P.O. Box 9013<br>Addison, Texas 75001-9013 | Kosto & Rotella, PA<br>619 E. Washington St.<br>PO Box 113<br>Orlando, FL 32802-0113 |

| | | |
|---|---|---|
| LIUGONG NORTH AMERICA<br>2775 Sunny Isles Blvd.,Suite 100<br>Miami, Fl 33160-4078 | LIUGONG c/o CIT Bank<br>10201 Centurion Parkway North<br>Ste. 100<br>Jacksonville, FL 32256-4114 | Lease Consultants Corporation<br>PO Box 71397<br>Clive, IA 50325-0397 |
| Lease Consultants Corporation<br>PO Box 71397<br>Des Moines, IA 50325-0397 | M2 Lease Funds LLC<br>175 N. Patrick Blvd.<br>Ste. 140<br>Brookfield, WI 53045-5811 | MCA Recovery<br>17 State St.<br>Ste. 4000<br>New York, NY 10004-1508 |
| (p)NAVITAS CREDIT CORP<br>ATTN JOYCE MCKULKA<br>201 EXECUTIVE CENTER DR SUITE 100<br>COLUMBIA SC 29210-8410 | Orange County Tax Collector<br>PO Box 545100<br>Orlando FL 32854-5100 | Pawnee Leasing Corporation<br>3801 Automation Way<br>Fort Collins, CO 80525-5734 |
| Power Solutions International<br>201 Mittel Dr.<br>Wood Dale, IL 60191-1116 | RevMaster Machine & Parts LLC<br>5358 Old Winter Garden Rd.<br>Orlando, FL 32811-1521 | Rush Truck Centers of Florida<br>2350 Diversified Way<br>Orlando, FL 32804-4707 |
| Sams Gas<br>8222 S Orange Ave.<br>Orlando, FL 32809-6733 | Seacoast Bank<br>Chad S. Paiva, Esq.<br>Fender, Bolling, and Paiva, P.A.<br>6526 S. Kanner Highway, #376<br>Stuart, FL 34997-6396 | Seacoast Bank f/k/a Seacoast National Bank<br>c/o Chad Paiva<br>Fender, Bolling & Paiva, PA<br>6526 S. Kanner Highway, #376<br>Stuart, FL 34997-6396 |
| Seacoast National Bank<br>815 Colorado Avenue<br>Stuart, FL 34994-3060 | Sherwin Williams<br>c/o DeHaan-Bach Law Firm<br>25 Whitney Dr., Ste. 106<br>Milford, OH 45150-8400 | SunTrust Bank<br>PO Box  791250<br>Baltimore, MD 21279-1250 |
| SunTrust Bank<br>c/o Corporation Service Company<br>1201 Hays St.<br>Tallahassee, FL 32301-2699 | SunTrust Cardmember Services<br>PO Box 305183<br>Nashville, TN 37230-5183 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk VA 23541-1021 |
| Teletrac Navman<br>2700 Patriot Blvd, Ste 200<br>Glenview, IL 60026-8064 | The Ticktin Law Group, PLLC<br>270 SW Natura Ave<br>Deerfield Beach, FL 33441-3026 | Trader Interactive<br>999 Waterside Dr<br>Norfolk, VA 23510-3318 |
| United States Trustee - ORL<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | WEX, Inc.<br>c/o Greenberg, Grant & Richards<br>PO Box 571811<br>Houston, TX 77257-1811 | L. Todd Budgen<br>Budgen Law<br>Post Office Box 520546<br>Longwood, FL 32752-0546 |
| Melissa A Youngman<br>Melissa A Youngman, PA<br>1705 Edgewater Drive, #541507<br>Orlando, FL 32854-2502 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Branch Banking Trust Company<br>200 West Second Street<br>Winston-Salem, NC 27101-4019 | Currency Capital<br>12100 WILSHIRE BLVD. STE 1750<br>Los Angeles, CA 90025 | Ford Motor Credit Company, LLC<br>Dept 55953<br>P.O. Box 55000<br>Detroit MI, 48255-0953 |
| Navitas Credit Corp.<br>111 Executive Dr.<br>Ste. 102<br>Columbia, SC 29210 | (d)Navitas Credit Corp.<br>PO Box 935204<br>Atlanta, GA 31193-5204 | (d)Records Company LLC<br>12100 Wilshire Blvd.<br>Ste. 1750<br>Los Angeles, CA 90025 |
| (d)Records Company, LLC<br>12100 Wilshire Blvd.<br>Ste. 1750<br>Los Angeles, CA 90025 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)ABC Merchant Solutions, LLC | (d)CIT Bank, N.A.<br>Bradley Arant Boult Cummings LLP<br>c/o Edwin G. Rice<br>100 N. Tampa Street, Suite 2200<br>Tampa, FL 33602-5809 | (d)Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia PA 19101-7346 |
| (d)M2 Lease Funds, LLC<br>175 N. Patrick Blvd.<br>Ste. 140<br>Brookfield, WI 53045-5811 | End of Label Matrix<br>Mailable recipients    87<br>Bypassed recipients     4<br>Total                  91 | |